KNOWLTON BROTHERS, PLAINTIFFS IN ERROR, v. C. C.
PARSONS, DEFENDANT IN ERROR.

**Promissory Note:** EVIDENCE. Suit on note payable to W. A.
K. or order, indorsed by him to plaintiffs. For the purpose
of getting in a defense of failure of consideration of the note,
defendant offered in evidence three circular papyrograph let-
ters, signed by W. A. K., and sent to the maker of the note,
after its maturity, urging payment. *Held,* That the admis-
sion of such circulars as evidence to go to the jury was error,
for which the judgment for defendant must be reversed.

ERROR to the district court of Richardson county.
The cause was tried before WEAVER, J. The facts ap-
pear in the opinion.

*A. R. Scott,* for plaintiffs in error.

The court erred in allowing the papyrograph circu-
lars claimed to have been sent by the indorser, which
were dated and received long after the negotiation of
the note to plaintiffs, to be read in evidence over the
objections of plaintiffs. These circulars were general,
and not applicable to any particular case. The dec-
larations or admissions of a former holder of a prom-
issory note negotiated before it was over due, showing
that it was without consideration, though made while
he had it, are not admissible against the indorsees. 1
Greenleaf on Evidence, Redfield's Ed., 219, sec. 190.
*Hacket v. Mortin,* 8 Greenleaf, 77. *Barker v. Grant,* 11
Mass., 157. *Jones v. Winter,* 13 Mass., 304. *Dun v.
Snell,* 15 Mass., 481. *Paige v. Cagwin,* 7 Hill, N. Y.,
361, and note. *Dodge v. Freedman's Sav. Trust Co.,* 3
Otto, 382. 9 Ohio St., 1.

*C. Gillespie,* for defendant in error.

COBB, J.

Upon the trial in the district court the plaintiffs introduced the note sued on, the same being drawn payable to Wm. A. Knowlton or order, and by him indorsed in blank. Plaintiffs rested. Defendant offered the deposition of Wm. A. Knowlton, taken on the part of the plaintiffs, in which deposition the witness testified that the note sued on was by him indorsed and delivered to the plaintiffs before maturity, for value, in the due course of business, and that the plaintiffs were then the owners and holders of the same. Upon cross-examination, in said deposition, the witness also testified as follows:

Q. Did you, after that date, cease to have any further interest in the said note, or to trouble yourself any further about the said note? How was this? State fully.

A. I did not cease to have an interest in the said note, for I am indorser on it, and interested that it shall be paid, so that I cannot be troubled upon my indorsement thereon. Further, if money is paid promptly upon said notes I will be enabled to use other notes with the same bankers in the same way, and increase my facilities of obtaining money on good farmers' notes, with which to make goods to be sold to farmers on time. Therefore upon this and all similar paper I have sent out the usual lithograph and papyrograph circular-letters that I sent to parties whose notes belong to me, and which are not paid, urging payment to the best of my ability, etc.

The defendant was then sworn as a witness on his own behalf, and to whom counsel put the following question:

Q.   I will ask you if you received any letters from William Knowlton since the making of this note?

Counsel for plaintiffs objected to the introduction of any evidence concerning the letters, on the ground, first, that William Knowlton is not a party to this suit; second, that the admissions of the indorser or declarations made while he had possession of the note, or at any subsequent time, cannot affect the rights of the indorsee; third, that plaintiff had no opportunity to cross-examine Wm. A. Knowlton in regard to the letters; which objections were sustained by the court.

But the counsel proceeded with the examination of defendant as follows:

Q.   Mr. Parsons, I will ask you when you received that letter (handing witness a letter)?

A.   I received it the 9th of December, 1878.

Q.   Out of the post-office?

A.   Yes.

Q.   When did you receive this letter (handing witness another letter)?

A.   December 4th, 1876.

Q.   Did you receive that sometime in December?

A.   Yes.

Q.   Out of the post-office?

A.   Yes.

Q.   Directed to you?

A.   Yes.

Q.   I will ask you about that (handing witness another letter)?

A.   September, 1877.

Q.   Did you receive that sometime last September?

A.   Yes.

Q.   I will ask you when you received that? Did you receive that letter through the post-office?

A.   Yes.   November 26th, 1877.

Q. I will ask you who you received these letters from?

A. William Knowlton.

Defendant's attorney then offered the said letters in evidence, and they were received over the objections of plaintiffs.

These letters are copied in the bill of exceptions. The first as to date is as follows:

"OFFICE OF WILLIAM A. KNOWLTON.
"ROCKFORD, Ill., Dec. 4, 1876.

"DEAR SIR:—My business demands all the money my due to carry it on, and I am negligent to it if I put off longer making collections. I call your attention to the fact that I have given you good work, kept my promises, and been patient in waiting on you. The first money you get I think should be justly paid to me. Will you see to it that I am paid soon, and oblige, "Yours truly,
"WM. M. KNOWLTON."

The other two letters are to the same import. I think that the court erred in allowing these letters to go to the jury. The note itself was *prima facie* evidence of the indorsement and delivery of the same before maturity, and its possession by the plaintiffs was *prima facie* evidence of their ownership of it, and there was no evidence even tending to rebut such evidence on either point.

These circular papyrograph letters then, sent out by the payee and indorser of the note, cannot be received against the indorsees and owners of the note any more than the declarations of any stranger. The verdict of the jury is entirely unsustained by the evidence properly admitted, and they were undoubtedly misled to render it by reason of the admission of said letters in evidence.

I do not deem it necessary to notice the other points made by the plaintiffs, as they all turn on the above. The judgment must be reversed and a new trial awarded.

REVERSED AND REMANDED.